# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-765V

```
* * * * * * * * * * * * * * * * * * * * * * * *
SHERRIE NGUYEN,                        *
on behalf of N.N., a minor,            *
                                       *          Filed:  March 26, 2026
                   Petitioner,         *
                                       *
             v.                        *
                                       *
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                   Respondent.         *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## AWARD OF INTERIM ATTORNEY'S FEES AND COSTS[1]

On July 14, 2022, Sherrie Nguyen, on behalf of her son N.N., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] *See* Petition, (ECF No. 1) ("Pet."). The petition alleges that as a result of receiving an influenza ("flu") vaccine on September 24, 2020, N.N. suffered from injuries including encephalopathy, acute disseminated encephalomyelitis and bilateral optic neuritis associated with myelin oligodendrocyte glycoprotein antibody associated demyelinating disease ("MOGAD"). Pet. at 1. A trial was held in the matter in December 2025, and a decision is still pending.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Almost a year ago (and hence before trial), Petitioner filed a motion for interim attorney's fees and costs, prompted by the high costs of retrieving medical records and the significant amount of time devoted to this matter. Motion, dated Apr. 28, 2025 (ECF No. 35) ("Interim Fees. Mot."), at 1–2. But after the conclusion of the hearing, I urged Petitioner to update and supplement that motion, to take into account the added fees and costs accrued during the trial. Petitioner thus filed a supplemental Interim Fees Request on January 13, 2026. Motion, dated Jan. 13, 2026 (ECF No. 63) ("Interim Fee Supp."). Petitioner seeks $360,990.90 (comprised of $292,259.00 in attorneys fees, and $68,731.90 in attorney costs) for fees and costs incurred by her attorneys, plus $6,163.81 in costs she personally incurred, for a total of $367,154.71. ECF No. 63-3 at 1; Interim Fee Supp. at 1–2.

Respondent has reacted to both the Interim Fees Motion and its supplementation, deferring to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded. *See* Response, dated May 6, 2025 (ECF No. 36) at 2; Response, dated Jan. 15, 2026 (ECF No. 64) at 2.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$361,309.53.**

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not automatically entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely. Because the case is unresolved, Petitioner must make the good faith/reasonable basis showing relevant to unsuccessful claims.

A claim's reasonable basis is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). Simmons, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only

what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Interim award requests are subject to the same reasonable basis inquiry applied to unsuccessful but completed matters, since in the context of an interim request the claim literally is not yet been found to be "successful."

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be some showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18

3

months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find an interim award is appropriate in this case. Claims alleging the flu vaccine caused some form of autoimmune disorder are common in the Program, and routinely result in damages awards (depending, of course, on the facts of a given case). In addition, there is ample evidence that N.N. suffered from a neurological disorder after the vaccine, and MOGAD (while a relatively new diagnostic classification) has been compensated as a vaccine injury. I also note that the trial raised numerous fairly-disputed questions of fact and law. And the work performed on the matter to date justifies an interim award. Accordingly, reasonable basis is met, and an interim award of fees and costs is appropriate.

## II.    Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner's First Motion requests the following rates for her various attorneys, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **Michael McLaren (Attorney)** | $484 | $501 | $518 | $550 | $584 | $630 |

4

| William Cochran, Jr. (Attorney) | $420 | $435 | $450 | $478 | $519 | $559 |
|---|---|---|---|---|---|---|
| Chris J. Webb (Attorney) | $364 | $395 | N/A | N/A | $472 | $509 |
| Shelly Bloor (Paralegal) | $161 | N/A | N/A | N/A | $199 | N/A |
| Sarah McCullar (Paralegal) | $161 | $167 | N/A | N/A | N/A | N/A |
| Sarah Clarke (Paralegal) | N/A | $167 | $172 | $183 | $199 | N/A |
| Abby Stimpson (Paralegal) | $161 | N/A | N/A | N/A | N/A | N/A |

ECF No. 35-2 at 26; ECF No. 63-2 at 15.

Mr. McLaren and his co-counsel practice in Memphis, TN—a jurisdiction that has been deemed "in forum," making them entitled to rates commensurate with what was established in *McCulloch*. *See Thomas v. Sec'y of Health & Hum. Servs.*, No. 16-1628V, 2017 WL 7510707 (Fed Cl. Spec. Mstr. Dec. 18, 2017). The rates requested for time billed in from 2021 to 2025 are consistent with what has previously been awarded, so I find no reason to reduce those rates here. *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024).

It also appears that some work has been performed since the trial on this matter, and in 2026. But rates have not yet been determined for the attorneys in question for this present calendar year. While the 2026 rate requests ($630, $559, and $509) reflect a higher increase with respect to previous years, they remain consistent with what has previously been awarded for Messrs. McLaren, Cochran, and Webb, reflecting their work and experience in the Program, and is otherwise in accordance with the Office of Special Masters' fee schedule.[3] Accordingly, I will adopt them herein (although only for purposes of this fees decision, given the total amount in question for 2026 is only 7 hours). *See* ECF No. 63-2 at 15.

A substantial amount of attorney time has been devoted to this case, which is understandable due to the complex and profound injury N.N. continues to suffer from. That being said, a cursory review of the billing records submitted with Petitioner's Request reveals a few billing discrepancies. Some tasks performed by attorneys were more properly billed using a paralegal rate.[4] Attorneys in the Vaccine Program are permitted to perform paralegal-level work,

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Mar. 24, 2026).

[4] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, notice of intent, cover sheet, joint notices not to

such work must be billed at a rate comparable to what a paralegal would be paid for performing the same task. *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at \*21 (Fed. Cl. Spec. Mstr. June 15, 2009) ("Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at \*9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

In addition, certain tasks would be more appropriately classified as "administrative."[5] It is well-established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services...should be considered as normal overhead office costs included within the attorneys' fees rates"). Attorneys have been denied fees for billing entries that include language such as  "...receive disk, copy to computer..." or "[c]heck file, docket, order and calendar" or "finalize invoice" or "reviewing invoices, setting up meetings, and making travel arrangements" on the basis that these entries represent administrative tasks. *Moxley v. Sec'y of Health & Hum. Servs.*, No. 06-213V, 2017 WL 5080289, at \*3 (Fed. Cl. Oct. 12, 2017); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10, 2016 WL 720969, at \*5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Accordingly, the undersigned finds that an overall reduction of two percent to the total amount of requested attorney's fees is reasonable and appropriate, to account for this work. Application of the foregoing reduces the amount of fees to be awarded by **$5,845.18**.[6]

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at \*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers. *See, e.g.*, billing entries dated:10/26/2021, 07/12/2022, 07/15/2022, 07/21/2022, 08/02/2022, 06/16/2025 ("Letter from Seattle Children's Hospital to Client Regarding Sherrie Nguyen's Request for Medical Records and how we are going to get them . . . . Another Email From Seattle Children's Hospital regarding [N.N]'s records . . . . Receipt of letter from Sherrie Nguyen regarding records, and try to figure out how we are going to download them. . . . Email requesting date ranges are for the Seattle Children's Hospital records we have."), 06/17/2025 ("Email from paralegal regarding the date range on the records we have").

[5] *See, e.g.,* billing entries dated: 03/04/2022, 04/25/2022.

[6] Calculated by: (.02) x $292,259.00 = $5,845.18.

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $74,895.71 in outstanding costs, comprised of $6,163.81 in costs she personally incurred, and $68,731.90 in costs incurred by her attorneys. ECF No. 63-3 at 1; Interim Fee Supp. at 1–2. These litigation costs include costs associated with experts, travel, filing fee, medical record retrieval costs, mailing costs, and for research performed by Zachary Barreto at the Expert Institute. ECF No. 63-2; ECF No 35-2. Documentation was provided for all costs requested, and I find the costs Petitioner personally incurred,[7] the Court's filing fee, medical records requests, mailing expenses, costs associated with the Declaration of Zachary Barreto (discussed below), and counsels' travel expenses reasonable, and shall award them in full.

Petitioner retained both Dr. Lawrence Steinman and Dr. Nizar Souayah as expert witnesses in this matter. Both are experienced medical providers and have appeared before the Program repeatedly. To defend each expert's hourly rate, Petitioner submitted a detailed Declaration by Mr. Zachary Barreto. Declaration, dated June 6, 2025, filed as Ex. 93 (ECF No. 38-1). Mr. Zachary Barreto is a Senior Vice President of Research at the Expert Institute, which connects law firms with experts. *Id.* at 1. Mr. Barreto emphasized the importance of top tier experts in terms of the value and credibility of their testimony, and opined how both Dr. Steinman and Dr. Souayah are in the top 20% of the expert market. *Id.* at 2–3. With this in mind, Mr. Barreto concluded that an hourly rate of $600.00 would be reasonable for both Dr. Steinman's and Dr. Souayah's work performed from 2023–26. *Id.* at 3.

Dr. Steinman prepared two expert reports on Petitioner's behalf and testified at the hearing. Report, dated Feb. 18, 2025, filed as Ex. 59 (ECF No. 34-1); Report, dated Oct. 27, 2025, filed as Ex. 98 (ECF No. 55-1). For his work so far, Dr. Steinman charged Petitioner $29,400.00, at a rate of $600 per hour for 49 hours of work, and has incurred $1,525.00 in travel costs. ECF No. 56-4 at 2; ECF No. 63-2 at 43–44. Overall, Petitioner is requesting $30,925.00 to compensate Dr. Steinman. I find these costs reasonable and shall grant them in full.

Dr. Nizar Souayah is also an experienced expert who has testified in the Program before. He prepared one expert report on Petitioner's behalf, but did not testify at the entitlement hearing. Report, dated Sep. 25, 2025 (ECF No. 22-1). For his work, Dr. Souayah charged Petitioner $27,750.00, at a rate of $600 per hour for 46.25 hours of work. ECF No. 35-2 at 49. Dr. Souayah has traditionally been awarded $500.00 per hour for his Vaccine Program work. *Jones v. Sec'y of Health & Hum. Servs.*, No. 18-164V, 2023 WL 9099038, at *2 (Fed. Cl. Spec. Mstr. Nov. 17, 2023) (awarding Dr. Souayah $500.00 per hour for work performed in 2020); *Tejeda v. Sec'y of*

---

[7] Petitioner submitted an affidavit attesting that she has personally incurred $6,163.81 in litigation and travel expenses to attend the hearing in person. I find these costs reasonable and shall award them in full. ECF No. 63-3 at 1.

*Health & Human Servs.*, No. 20-525V, 2023 WL 2424896, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2023) (granting Dr. Souayah's requested hourly rate of $500.00 for work performed from 2022 through 2025). Despite his history of being awarded a lower rate, I find that Dr. Souayah's requested rate increase is reasonable and shall award his costs in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioners' Motion for Interim Attorney's Fees and Costs, and award a total of **$361,309.53 (representing $355,145.72 for petitioner's attorneys' fees and costs and $6,163.81 for petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.