# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. No. 22-765V**

* * * * * * * * * * * * * * * * * * * * * * * * *
SHERRIE NGUYEN, *on behalf of N.N., a minor* *

Petitioner, *

v. *

SECRETARY OF HEALTH AND HUMAN SERVICES, *

Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: August 10, 2026

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Parisa Tabassian*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 14, 2022, Sherrie Nguyen, on behalf of her minor child, N.N., filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that an influenza ("flu") vaccine administered on September 24, 2020, caused N.N. to suffer injuries including encephalopathy, Acute Disseminated Encephalomyelitis ("ADEM"), and bilateral optic neuritis ("ON") associated with myelin oligodendrocyte glycoprotein antibody associated demyelinating disease ("MOGAD"). Moreover, Petitioner alleges that N.N. experienced residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the flu vaccine caused Petitioner to suffer ON, ADEM, or MOGAD, or any other injury or condition. Respondent also denies that the flu vaccine caused Petitioner to suffer a significant aggravation of any pre-existing ON, ADEM, or MOGAD. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on August 10, 2026) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $45,000.00 to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, and

- A lump sum of $954,000.00 to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of N.N.'s estate.

Stipulation ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| SHERRIE NGUYEN,<br>*on behalf of* N.N., *a minor*,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | ) | No. 22-765V<br>Chief Special Master Corcoran |

**<u>STIPULATION</u>**

The parties hereby stipulate to the following matters:

1. Petitioner, Sherrie Nguyen, on behalf of N.N., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.N.'s receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. N.N. received a flu vaccine on or about September 24, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges that N.N. suffered encephalopathy, myelin oligodendrocyte glycoprotein antibody-associated disease ("MOGAD"), acute demyelinating encephalomyelitis ("ADEM"), and optic neuritis ("ON"), as a result of the flu vaccination. Petitioner further alleges that N.N. experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages arising out of the alleged vaccine injury.

6. Respondent denies that the vaccine caused or significantly aggravated N.N.'s alleged encephalopathy, MOGAD, ADEM, ON, or any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of **$45,000.00** to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, and

b. A lump sum of **$954,000.00** to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of N.N.'s estate.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for N.N.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-l5(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of N.N.'s estate under the laws of the State of Washington. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of N.N.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of N.N.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.N., upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of Washington after N.N. has attained the age of majority, any such payment shall be paid to N.N. upon submission of written documentation of the termination of guardianship to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as legal representative of N.N., on behalf of petitioner, N.N., and N.N.'s

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Injury Compensation Program System of Records, No. 09-15-0056.

19. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused N.N.'s alleged injuries, or any other injury, or N.N.'s current condition.

20. All rights and obligations of petitioner hereunder in her capacity as legal representative of N.N. shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

SHERRIE NGUYEN

**ATTORNEY OF RECORD FOR PETITIONER:**

WILLIAM E. COCHRAN, JR.
MICHAEL G. MCLAREN
Black McLaren Jones Ryland & Griffee, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
901-762-0535
wcochran@blackmclaw.com
mmcLaren@blackmclaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S16 Digitally signed by George R. Grimes -S16 Date: 2026.07.30 09:05:49 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-305-4035
parisa.tabassian@usdoj.gov

Dated: 8/10/26